**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 04-417 ˙ ˙(GK) |
| | : | **FILED** |
| DAVID REID, | : | |
| | : | NOV 0 6 2008 |
| Defendant. | : | |

Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

This matter is before the Court on Defendant David Reid's Motion to Reduce Sentence,
pursuant to 18 U.S.C. § 3582(c)(2), the Government's Response to the Motion, and Defendant's
Reply.

### A.    Factual Background

Defendant was arrested in Washington, D.C., on September 24, 2004.  He was found with
more than 186 grams of crack cocaine and $371 in U.S. currency on his person.  On November 15,
2004, Defendant pled guilty to unlawful possession with intent to distribute fifty grams or more of
a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and
(b)(2)(A)(iii).

Defendant was sentenced on January 28, 2005, sixteen days after the Supreme Court decided
United States v. Booker, 543 U.S. 220 (2005).  At sentencing, in accordance with the United States
Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), the Court found a base offense level of 34,
granted a two-point reduction because Defendant met the criteria for the safety valve, and a three-
point reduction because Defendant accepted responsibility for his actions and entered an early guilty

(N)

plea. Defendant's final criminal offense level was 29. See U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(3), 3E1.1(b), and 5C1.2.

Based on these findings and a category I criminal history, Defendant's applicable sentencing range was 87-108 months. The Court sentenced him to 87 months, at the bottom of that range, and Defendant received an additional unopposed six-month reduction because his status as a deportable alien likely would cause an increase in the severity of his confinement. See United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994). The final sentence imposed was eight-one months.

After Defendant was sentenced on January 28, 2005, the United States Sentencing Commission ("Commission") amended the Guidelines to provide a two level reduction in the base offense level for crack cocaine offenses.[1] Under the new Guidelines, Defendant's final offense level was lowered to 27, with a Guideline range of 70 to 87 months.

On August 14, 2008, Defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(2) and the Amendments to the Guidelines. He argues that Booker authorizes the Court to impose a reduced sentence that departs below the Amended Guidelines range and that such a sentence is appropriate in light of the factors enumerated in 18 U.S.C. § 3553(a). Defendant now requests a sentence of time served.[2] The Government does not oppose a reduction in the Defendant's sentence but argues that such reduction should not be below the Amended Guidelines' range of 70 to 87 months; nor does the Government oppose a further six-month reduction to 64 months, pursuant to Smith, supra.

---

[1]      Amendment 706 to the Guidelines reduced the base offense level for crack cocaine offenses by two levels. See Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (May 21, 2007).

[2]      Briefing on the Motion was not completed until September 9, 2008.

**B.    Legal Framework**

Ordinarily, a defendant may not modify a sentence of imprisonment once it has been imposed. 18 U.S.C. § 3582 provides several exceptions to this general rule. One of those exceptions applies to this case and reads as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

It is undisputed that even though § 3582(c)(2) gives the Court power to resentence a defendant, it need not do so. In other words, it is within the Court's discretion, even if a defendant's Guidelines range has been lowered, to deny the motion.

As noted above, the Defendant in this case was sentenced pursuant to U.S.S.G. § 2D1.1(c)(3). Under 28 U.S.C. § 994(o), Congress provided that the "[Sentencing] Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section." 28 U.S.C. § 994(u) further provides that if the Commission reduces the term of imprisonment recommended in the Guidelines for a particular offense or category of offenses, "it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

Pursuant to 28 U.S.C. § 994(o) and § 994(u), the Commission did revise the Guidelines for the offense of possession of cocaine with intent to distribute 50 grams or more. In particular, the

Commission approved Amendment 706 to the Sentencing Guidelines, and by virtue of Amendment 711, made Amendment 706 retroactive and effective as of March 3, 2008.  See Notice of Final Action Regarding Amendments to Policy Statement § 1B1.10, 73 Fed. Reg. 217-01 (January 2, 2008).  The applicable policy statement issued by the Sentencing Commission with respect to retroactive application of Amendment 706 also provided that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

The policy statement directs that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). The policy statement also declares that proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).  It is clear that the policy statement intended to limit the sentence reductions to only those provided for in the applicable Guideline's Amendment -- in this case, to the two-level reduction in the offense level provided for crack cocaine offenders.  The policy statement also makes it clear that any sentence reduction covered by Amendment 706 may not be "less than the minimum of the Amended Guideline's range" and therefore there may be no

"variance" below the Amended Guidelines sentence, as the term "variance" has been developed since <u>Booker</u>. <u>See</u> <u>United States v. Ortiz-Graulau</u>, 526 F.3d 16, 22 (1st Cir. 2008).

The policy statement also restricts the court from imposing a sentence that is lower than the Amended Guideline range unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing . . . ." § 1.B1.10(b)(2)(B). Even then, the revised sentence should be "comparably less" than the Amended Guideline range, and a "further reduction generally would not be appropriate." <u>Id</u>. Finally, the reduced sentence may not be less than time served. § 1.B1.10(b)(2)(C).

**C.     Legal Analysis**

On August 14, 2008, Judge Paul L. Friedman, of this Court, issued an opinion concluding that the Supreme Court decisions in <u>United States v. Booker, supra</u>, and <u>United States v. Kimbrough</u>, 128 S.Ct. 558 (2007), are applicable to § 3582(c)(2) motions for sentence reductions, and that therefore the Amended Guideline range for crack cocaine offenders is advisory in this context, just as it is advisory in the context of an initial sentencing.  <u>United States v. Ragland</u>, 568 F. Supp. 2d 19, (D.D.C. 2008).  Given the carefully reasoned and comprehensive opinion in <u>Ragland</u>, this Court will simply emphasize those major points on which it has relied in reaching agreement with Judge Friedman's ruling.

First and foremost, as the Ninth Circuit correctly ruled in <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007):

> <u>Booker</u> makes clear that the Guidelines are no longer mandatory in <u>any</u> context -- its effect is not restricted to the "de novo resentencing" which the government seeks to distinguish. <u>Booker</u> . . . provides a constitutional standard which courts may not ignore by treating Guidelines ranges as mandatory in any context. Thus, to the extent

> that the policy statements are inconsistent with <u>Booker</u> by requiring
> that the Guidelines be treated as mandatory, the policy statements
> must give way.

<u>Id</u>. at 1173 (emphasis in original).

No other conclusion can be drawn from the following words of the Supreme Court: "as by now should be clear, that mandatory system [of Guidelines sentencing] is no longer an open choice." <u>Booker</u>, 543 U.S. at 263. <u>Booker</u> then went on to hold that the remedial alternative which would most closely adhere to Congress' basic objective of promoting uniformity in sentencing was "excision of the 'mandatory' provision to a system that engrafts today's constitutional requirement onto the unchanged pre-existing statute." <u>Id</u>. at 265. In explaining its reasoning, the Court concluded that "we believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others . . . ." <u>Id</u>. at 266.

Second, in U.S.S.G. § 1B1.10(a)(3), the Sentencing Commission has attempted to do exactly what the Supreme Court has said it cannot do -- i.e., to make the Guidelines mandatory in § 3582(c) proceedings despite the fact that they must be advisory in all initial sentencings. This it cannot do. The Commission does not have the power to abrogate or depart from the Supreme Court's constitutional decisions such as <u>Booker</u> and <u>Kimbrough</u>. <u>See</u> <u>Neal v. United States</u>, 516 U.S. 284, 290 (1996); <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993); <u>Ragland</u>, 568 F. Supp. 2d at 23-24. <u>Booker</u> and <u>Kimbrough</u> ruled squarely on Constitutional grounds that the guidelines can survive only if deemed advisory, and that the sentencing court must ultimately be guided by the considerations set forth in 18 U.S.C. § 3553(a). The Commission cannot adopt Guidelines which are inconsistent with, or conflict with, Supreme Court precedent.

Third, the Government's argument -- based essentially on differentiating between motions filed under 18 U.S.C. § 3582, which it asserts are only "sentencing reductions" from traditional "resentencings" filed under § 3582 -- is unpersuasive.  Our own Circuit has, in a different context, commented that it sees no "material distinction . . . between initial sentencings and § 3582(c)(2) revisions."  United States v. Byfield, 391 F.3d 277, 280 (D.C. Cir. 2004).[3]  The Government's argument, fully discussed and rejected by the Ninth Circuit in Hicks, is precluded by Booker's ruling that mandatory guidelines no longer exist in this context or any other.  472 F.3d at 1171-72.

The fundamental flaw in the Government's legal analysis is that it would have this Court recommit the same constitutional violation of applying a mandatory sentencing rule to defendants being resentenced under the Amended Advisory Guidelines for crack cocaine offenders that was struck down by the Supreme Court in Booker:

> [I]t would be, to say no more, ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe, can be limited by a still-mandatory guideline.

United States v. Polanco, No. 02 Cr. 442-02, 2008 WL 1448285, at *2 (S.D.N.Y. Jan. 15, 2008).

Because the Amended Guidelines and policy statements must be viewed as advisory only, the district courts "are necessarily endowed with the discretion to employ the § 3553 factors when issuing new sentences under § 3582(c)(2).  The ease and simplicity of mandatory calculations can no longer stand as a substitute for the evaluation of relevant factors necessary to a determination of

---

[3]     See also United States v. Byfield, 522 F.3d 400, 402 (D.C. Cir. 2008), where our Circuit referred to a Section 3582 proceeding as a "resentencing."

just punishment." <u>United States v. Shelby</u>, Cr. No. 95-69, 2008 WL 2622828, at *2 (N.D. Ill., June 30, 2008) (internal citations omitted).

Fourth, 18 U.S.C. § 3582(c) plainly states that a sentence reduction in a § 3582(c) proceeding must be consistent with both "the factors set forth in section 3553(a) to the extent they are applicable" and with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government argues that since those policy statements prevent a court from reducing a defendant's sentence below the Amended Guidelines range, § 3582(c) in turn prevents a court from applying a <u>Booker</u> variance in a resentencing. Response at 10-12.

The Government's argument ignores the statutory direction in 18 U.S.C. § 3582(c)(2) that if a court chooses to reduce the term of imprisonment, it must consider "the factors set forth in § 3553(a) . . . ." Among those factors that § 3553(a) requires the Court to consider is the sentencing range established by the Sentencing Commission. <u>See</u> 18 U.S.C. § 3553(a)(4). Under <u>Booker</u>, that sentencing range may be considered advisory only, not mandatory.[4]

Fifth, the Government makes the curious argument that because <u>Booker</u> itself is not retroactive (which is undisputed),[5] it would be unfair to apply it "to that subset of those defendants whose sentences are being lowered under Amendment 706." Response at 20. The Government claims it would be an anomaly to give defendants who get the benefit of a reduced sentence under § 3582(c)(2) and the Amended Guidelines the additional benefit of what is in essence <u>Booker</u> retroactivity. As Judge Friedman succinctly answered, "the real anomaly [and in this Court's view

---

[4]    To the extent that there may be a conflict between the requirement that the sentencing judge consider the Guideline range as advisory only under § 3553(a) and a Commission policy statement that is mandatory, the statutory imperative prevails over any Commission policy statement.

[5]    <u>See</u> <u>In re Fashina</u>, 486 F.3d 1300, 1306 (D.C. Cir. 2007).

the real perversion of justice] would be to sentence someone <u>today</u> under a system that the Supreme Court declared unconstitutional more than three years ago.  To treat the new amended Guidelines range as mandatory . . . would be to repeat the constitutional error of the pre-<u>Booker</u> system of mandatory Guidelines under which this defendant was originally sentenced." <u>Ragland</u>, 568 F. Supp. 2d at 26-27 (emphasis in original).

### D.    Application of Factors Enumerated in 18 U.S.C. § 3553

Both 18 U.S.C. § 3582(c)(2) and Guideline § 1B1.10(a)(1) provide that in determining whether and how much to reduce a sentence, the Court should consider "the factors set forth in 18 U.S.C. § 3353(a) to the extent that they are applicable . . . ." These factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed --

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available; . . .

(4)    the kinds of sentence and the sentencing range established [by the Sentencing Guidelines];

(5)     any pertinent policy statement [issued by the Sentencing Commission]; . . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As discussed earlier, the sentencing range applicable to the Defendant is 70-87 months, and the Government does not oppose a sentence of 64 months. A sentence of 64 months would reduce Defendant's sentence by 17 months. A sentence of time served would reduce his sentence by approximately 19-20 months.[6]

The offense in this case was a "garden variety" sale of crack cocaine to an undercover police officer. It did not involve the use of a weapon. Significantly, the Defendant has no previous criminal record. He has expressed remorse for his actions and accepted responsibility for those actions. As a result, he received a three-level reduction in his offense level for purposes of calculating the guidelines. The nature and circumstances of the Defendant's offense were not unusually egregious, although that is not to suggest for a moment that the sale of 186 grams of crack cocaine is not a serious offense.

It is particularly significant that during the more than four years that Defendant has been incarcerated, he has had no disciplinary infractions and has worked hard at every job he has held within the prison system. With his minimal prison earnings, the Defendant has paid the special assessment imposed. Mr. Reid has also taken action during his incarceration to improve his

---

[6]     The Defendant was first detained on August 24, 2004. He was given credit for time served from that date until his sentencing on January 28, 2005.

prospects for his post-incarceration future. He earned his GED on April 14, 2005, he has completed courses in basic and advanced Spanish, and he has taken "self-help" courses such as AIDS awareness, diversity awareness, health hazards of smoking, and solutions to poverty.

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply" with the factors it spells out (emphasis added). In addition, in U.S.S.G. § 1B1.10, Application Note 1(B)(iii), the Sentencing Commission indicated that the Court may consider post-sentencing conduct of a defendant when considering sentencing reductions based upon an Amended Guideline. Given the efforts that Mr. Reid has made to take responsibility for his actions and to better himself while in prison, given the fact that his offense was neither heinous nor violent, and given the fact that the sentence he has already served of more than four years does reflect the seriousness of the offense and provides just punishment, the Court concludes that reduction to time served is "sufficient," and, that a higher sentence would be "greater than necessary."

For all these reasons, Defendant's Motion to Reduce Sentence is **granted**.

November ⁵, 2008

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

-11-